**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

WILLIAM INGRAHAM,

      Defendant-Appellant.

No. 96-8079
(D.C. No. 96-CV-151-B &
D.C. No. 91-CR-30 )
(Wyoming)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

William Ingraham was convicted of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Mr. Ingraham filed a petition for habeas relief under

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

28 U.S.C. § 2255, contending the federal court lacked subject matter jurisdiction because the federal drug statutes do not constitute a valid exercise of congressional power under the principles enunciated by the Supreme Court in United States v. Lopez, 514 U.S. 549 (1995). The district court dismissed the petition as frivolous. We have held, post-Lopez, that the regulation of intrastate drug activity under the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 841(a)(1), implicates interstate commerce and is thus a valid exercise of Congress' power under the Commerce Clause. United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995), cert. denied, 117 S. Ct. 136 (1996); accord United States v. Tucker, 90 F.3d 1135, 1140 (6th Cir. 1996) (collecting cases).

We **AFFIRM** the district court's dismissal of Mr. Ingraham's petition as frivolous.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge